UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY RODRIGUEZ,

        Petitioner,

                              Civil No. 08-10320
v.                             Honorable David M. Lawson

UNITED STATES OF AMERICA,

        Respondent.

_____/

## OPINION AND ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS BROUGHT PURSUANT TO 28 U.S.C. § 2241

The petitioner, Jeffrey Rodriguez, a federal prisoner currently confined at the United States Penitentiary in Florence, Colorado, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Because the petitioner is challenging his criminal convictions and sentence, the Court finds that he has improperly brought this action under 28 U.S.C. § 2241. The Court, therefore, will dismiss the petition for writ of habeas corpus.

I.

The petitioner pleaded guilty to conspiracy to distribute and distribution of marijuana, 21 U.S.C. § 846, and to use of an explosive device during or in relation to a drug trafficking crime, 18 U.S.C. § 924(c), in this district before the Honorable Marianne O. Battani. He was sentenced to consecutive terms of six months and fifty-four months imprisonment and to concurrent terms of two years and five years of supervised release in 2006. *See* Case No. 04-90040. In his habeas application, the petitioner contests the legality of his convictions and sentence. He raises nine claims which include statutory challenges, jurisdictional issues, and assertions of prosecutorial

misconduct and ineffective assistance of counsel. The petitioner does not indicate whether he has appealed his criminal convictions and sentence, nor does he indicate whether he has pursued any other post-conviction relief. This Court has no record of any such filings.

## II.

The petitioner has instituted this action as a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241. However, a motion to vacate sentence under 28 U.S.C. § 2255 is the proper avenue for relief on a federal inmate's claim that his sentence was imposed in violation of the federal constitution or laws. *See Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998). A federal prisoner may bring a claim challenging his conviction or the imposition of sentence under 28 U.S.C. § 2241 only if it appears that the remedy afforded under section 2255 is inadequate or ineffective to test the legality of the defendant's detention. *See Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999). Habeas corpus is not an additional, alternative, or supplemental remedy to the motion to vacate, set aside, or correct the sentence. *Id.* at 758.

The burden of showing that the remedy afforded under section 2255 is inadequate or ineffective rests with the petitioner, and the mere fact that a prior motion to vacate sentence may have proven unsuccessful does not necessarily meet that burden. *In Re Gregory*, 181 F.3d 713, 714 (6th Cir. 1999). The remedy afforded under section 2255 is not considered inadequate or ineffective simply because section 2255 relief may be or has already been denied, or because the petitioner has been procedurally barred from pursuing relief under section 2255, or because the petitioner has been denied permission to file a second or successive motion to vacate sentence. *Charles*, 180 F.3d at 756. The petitioner in this case has not shown that his remedy under section 2255 is inadequate or ineffective. Furthermore, the record before the Court indicates that he has not filed such an action.

The only circumstance in which the United States Court of Appeals for the Sixth Circuit has found section 2255 to be an ineffective or inadequate remedy is when the petition states a facially valid claim for actual innocence. *See Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003); *Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003). The petitioner in this case appears to assert that he is actually innocent of the offenses to which he pleaded guilty. To establish actual innocence, however, a petitioner "must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (internal quotation marks omitted); *see also Martin*, 319 F.3d at 804. "Actual innocence" means factual innocence, not mere legal insufficiency. *Bousley*, 523 U.S. at 624. The petitioner has made no such showing.

Because the petitioner has not shown that his remedy under section 2255 is inadequate or ineffective, the petitioner is not entitled to habeas relief from his criminal convictions pursuant to 28 U.S.C. § 2241. Moreover, the Court cannot *sua sponte* construe his present petition for writ of habeas corpus as a motion to vacate sentence brought pursuant to 28 U.S.C. § 2255. *See In re Shelton*, 295 F.3d 620, 622 (6th Cir. 2002). Accordingly, the Court will dismiss the petition.

III.

The Court concludes that the petitioner is challenging the constitutionality of his federal criminal convictions and sentence in this habeas action, and he has not established that his remedy under 28 U.S.C. § 2255 is inadequate or ineffective. His petition must therefore be dismissed.

Accordingly, it is **ORDERED** that the petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241 [dkt # 1] is **DISMISSED.** This dismissal is without prejudice to the filing of a motion to vacate sentence brought pursuant to 28 U.S.C. § 2255.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: February 1, 2008

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 1, 2008.

s/Felicia M. Moses
FELICIA M. MOSES